**Craig DOSCHER, Plaintiff–Appellant,**

v.

**MENIFEE CIRCUIT COURT, sued as Menifee County Circuit Court; Menifee County; Commonwealth of Kentucky, Defendants–Appellees.**

No. 03–5229.

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2003.

Craig Doscher, Wellington, KY, for Plaintiff–Appellant.

Stuart W. Cobb, Office of the Attorney General, Frankfort, KY, for Defendants–Appellees.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

*ORDER*

Craig Doscher, a Kentucky resident proceeding pro se, appeals the district court order dismissing his complaint construed as filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a fee-paid complaint, Doscher sued the Menifee County, Kentucky Circuit Court, Menifee County, and the Commonwealth of Kentucky. Doscher alleged that, in a foreclosure proceeding, the state court: (1) violated his personal and civil rights; (2) accepted an improper lawsuit; (3) did not comply with the Kentucky Rules of Civil Procedure; (4) displayed favoritism to the bank; and (5) entered judgment for the bank without giving him notice. Doscher asked the district court to block the sale of his house, reopen the state court case, and award him monetary damages. The district court screened the complaint and dismissed it for failure to

establish subject matter jurisdiction. *See Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999).

On appeal, Doscher argues that the state court failed to follow proper procedures in the foreclosure action.

This court reviews de novo a district court's decision to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1). *Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990). Where a complaint is totally devoid of merit and the district court has determined that it lacks subject matter jurisdiction over the action, the court may dismiss a fee-paid complaint without giving the plaintiff an opportunity to amend the complaint. *Apple,* 183 F.3d at 479.

Upon review, we conclude that the district court properly dismissed Doscher's complaint for lack of subject matter jurisdiction. In his complaint and on appeal, Doscher has made it clear that he wanted the district court to review the state court foreclosure action. The district court lacked subject matter jurisdiction over such a claim.

■ First, under the abstention doctrine announced in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), when state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 17, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). Three requirements must be met for *Younger* abstention to be appropriate: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423,

432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995). When Doscher filed his complaint, all three requirements were met: the foreclosure action was pending in Menifee Circuit Court, the proceeding involved a matter of state interest, and Doscher had an adequate opportunity to raise his challenges to the proceedings. Accordingly, the district court properly abstained from ruling on Doscher's complaint.

■ Second, the *Rooker–Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Mich. Supreme Court,* 224 F.3d 504, 506–07 (6th Cir.2000). Under *Rooker–Feldman,* a federal district court may not hear an appeal of a case already litigated in state court. Doscher asked the district court to do the very thing that the *Rooker–Feldman* doctrine forbids. Thus, the district court properly held that the court lacked jurisdiction over Doscher's complaint.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.