**Jerry A. WHITTIKER, et al., Plaintiffs,**

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., Defendants.**

**Case No. 1:08 CV 300.**

United States District Court, N.D. Ohio, Eastern Division.

March 17, 2009.

---

**5.** *Henderson v. Walled Lake Consol. Schools,* 469 F.3d 479, 496 (6th Cir.2006).

**6.** 28 U.S.C. § 2412(d).

Colin P. Sammon, Thomas D. Robenalt, William J. Novak, Novak, Robenalt, Pavlik & Scharf, James B. Rosenthal, Jason R. Bristol, Joshua R. Cohen, Thomas A. Downie, Cohen, Rosenthal & Kramer, Kenard McDuffie, Trivers & Dickerson, Cleveland, OH, Jerry A. Whittiker, Garfield Heights, OH, for Plaintiffs.

Tracy A.S. Francis, Hugh E. McKay, Tracey L. Turnbull, Porter, Wright, Morris & Arthur, Andrea E.M. Stone, Frances F. Goins, Maria A. Del Monaco, Elizabeth A. Harvey, Ulmer & Berne, Cleveland, OH, Jami Wintz McKeon, Morgan, Lewis & Bockius, San Francisco, CA, Orville L. Reed, III, William D. Dowling, Buckingham, Doolittle & Burroughs, Akron, OH, for Defendants.

### MEMORANDUM OPINION

(Resolving ECF 54, 70, 72, 74, 75, 76, and 92–2)

DAVID D. DOWD, JR., District Judge.

### I. Introduction and Procedural Background

#### A. *Defendants' Dispositive Motions*

Plaintiffs allege in this putative class action that defendants violated the federal Fair Debt Collection Practices Act and the Ohio Corrupt Activities statute because of misrepresentations made by defendants during foreclosure proceedings against plaintiffs. Before the Court are motions by all defendants[1] for judgment on the

---

1. Motion for Judgment on the Pleadings by defendant Manley, Deas, Kochalski, LLC (MDK) (ECF 70); Motion for Judgment on the Pleadings by defendant Reisenfeld & Associates (Reisenfeld) (ECF 72); Motion for Judgment on the Pleadings by defendant Weltman, Weinberg & Reis (WWR) (ECF 74); and Motion to Dismiss for Failure to State a Claim (Rule 12(b)(6)) by DBNTC (ECF 75). DBNTC also filed a motion for the Court to take judicial notice of certain documents submitted in support of its Motion to Dismiss (ECF 76), and additionally requested that the Court take judicial notice of certain docu-

pleadings and or to dismiss all three counts of plaintiffs' first amended complaint (Complaint) for failure to state a claim.[2] The collective bases of defendants' motions are: 1) lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine; 2) abstention pursuant to the *Younger* doctrine; 3) *res judicata* (claim and issue preclusion); 4) FDCPA statute of limitations; and 5) no FDCPA violation.

Plaintiffs were granted leave to conduct limited discovery before responding to defendants' dispositive motions (ECF 82), after which plaintiffs filed an omnibus response to defendants' motions (ECF 85). Defendants each replied to plaintiffs' omnibus response,[3] to which plaintiffs filed an omnibus sur-reply (ECF 95). DBNTC filed a reply to plaintiffs' sur-reply (ECF 97).

## B. *Report and Recommendation*

The Court referred all of defendants' dispositive motions to United States Magistrate Judge Benita Pearson for a Report and Recommendation (ECF 93). Magistrate Judge Pearson heard oral argument on December 2, 2008, and subsequently issued a Report and Recommendation (Recommendation) regarding the disposition of those motions, as well as DBNTC's requests to take judicial notice of certain documents filed in support of its motion to dismiss (ECF 99). Magistrate Judge Pearson has recommended: 1) granting defendants' Rule 12 motions as to Count 1 of plaintiffs' Complaint alleging violation of the FDCPA; 2) dismissing without prejudice Counts 2 and 3 of plaintiffs' Complaint, which involve state law claims; and 3) granting DBNTC's request to take judicial notice of certain documents.

## C. *Plaintiffs' Objections to Report and Recommendation and Defendants' Responses*

Plaintiffs requested and received an extension of time to file their objections to the Recommendation (ECF 100). Plaintiffs objected to the Recommendation (ECF 101) insofar as it recommends: 1)

---

ments submitted in connection with its reply in support of its motion to dismiss plaintiffs' first amended complaint (ECF 92–2).

**2.** *See* ECF 57. Count 1 of the Complaint alleges that defendants: a) made false, deceptive and misleading representations regarding defendant Deutsche Bank National Trust Company's (DBNTC) standing to sue and interest in the debt; b) falsely represented that the debt was due and owing to DBNTC at the time the suit was filed; c) falsely represented that the debt was due and owing to DBNTC as an innocent purchaser when assignment of the debt had not taken place; d) threatened to engage in collection actions and foreclosure suits as trustee that could not be legally taken by DBNTC; and e) accessed state and federal courts to collect on notes and foreclose on mortgages under false pretenses when DBNTC was not authorized to engage in such activities as a trustee in Ohio, all in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e, by filing foreclo-

sure actions against plaintiffs when DBNTC did not obtain or assign the notes of the mortgages until after the notes were in default and until after DBNTC sued in its own name as the holder or owner of the notes and mortgages. *See* ECF 57, par. 36–37.

Count 2 of the Complaint alleges that the defendants violated Ohio's RICO laws, Ohio Rev.Code § 2923.32, by filing foreclosure actions alleging ownership of the notes and mortgages when it did not own such notes and mortgages. *See* ECF 57, par. 40–45.

Count 3 of the Complaint requests appointment of a receiver pursuant to Ohio Rev.Code § 2735.01 to recover from DBNTC the any interest in the real property acquired in the foreclosure actions and any charges collected, as well as fees earned by the defendant law firms. *See* ECF 57, par. 49–51.

**3.** MDK's reply (ECF 89); WWR's reply (ECF 90); Reisenfeld's reply (ECF 91); and DBNTC's reply (ECF 92).

granting defendants' motions as to plaintiffs' federal claims under the FDCPA (Count 1); 2) dismissing without prejudice plaintiffs' state law claims (Counts 2 and 3); and 3) granting DBNTC's requests for judicial notice.

Defendants requested an extension of time to respond to plaintiffs' objections (ECF 102). The Court allowed defendants more time, but not as much as they requested (ECF 103). Three of the four defendants filed responses to plaintiffs' objections: WWR (ECF 104), Reisenfeld (ECF 106), and DBNTC (ECF 107).

MDK did not respond to plaintiffs' objections, but Kimball filed a stipulated dismissal dismissing Count 1 of the Complaint (FDCPA violation) against MDK with prejudice, and dismissing the remaining state claims—Counts 2 and 3—against MDK without prejudice. *See* ECF 105. Kimball's stipulated dismissal as to MDK specifically states that her claims against DBNTC remain. *Id.* The Court accordingly ordered the dismissal of Kimball's FDCPA claims (Count 1) against MDK with prejudice, and the dismissal of Kimball's state claims (Counts 2 and 3) against MDK without prejudice. *See* ECF 108. Consequently, defendant MDK's motion for judgment on the pleadings, ECF 70, is DENIED without prejudice as moot.

**D. *De novo Review***

The Court conducted a *de novo* review of the Recommendation pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure. As a result of that *de novo* review and for the reasons discussed below, the Court concludes as follows: 1) DBNTC's requests that the Court take judicial notice of certain documents filed in support of its motion to dismiss (ECF 76 and 92–2) are GRANTED; and 2) defendants' Rule 12 motions as to Count 1 of the Complaint

alleging violations of the FDCPA (ECF 70, 72, 74 and 75), are GRANTED.

After dismissing plaintiffs' federal claims, Count 1, the Court declines to exercise jurisdiction over plaintiffs' state claims (Counts 2 and 3). Accordingly, defendants' motions as to plaintiffs' state law claims, Counts 2 and 3 (ECF 70, 72, 74 and 75), are DENIED without prejudice as moot.

Lastly, plaintiffs have moved for class certification (ECF 54). In light of the Court's ruling on defendants' dispositive motions, plaintiffs' motion for class certification is DENIED without prejudice as moot.

## II. FACTS

**A. *Whittiker Foreclosure***

On December 16, 2004, plaintiffs Jerry and Whittiker and Frances Whittiker (collectively, Whittiker) executed a promissory note to First NLC Financial Services, LLC, (First NLC) primarily for personal, family or household purposes. The note was secured by a mortgage to First NLC on property located in Maple Heights, Ohio.

On December 1, 2006, defendant DBNTC, claiming that it was the owner and holder of the note executed by Whittiker, sued Whittiker in the Cuyahoga County Court of Common Pleas to foreclose on the Maple Heights property (Whittiker Foreclosure Action). Defendant WWR, a law firm, filed and prosecuted the foreclosure action against Whittiker on behalf of DBNTC. The Whittiker Foreclosure Action concluded with a judgment in favor of DBNTC and the property was sold to DBNTC at a sheriff's auction in January, 2008. Whittiker alleges in the Complaint that DBNTC was not the owner and holder of the promissory note when the Whittiker Foreclosure Action was filed.

## B. *Kimball Foreclosure*

On November 20, 2004, plaintiff Valeria Kimball (Kimball) executed a promissory note to Ameriquest Mortgage Company (Ameriquest). The note was secured by a mortgage to Ameriquest on property located on East 173rd Street in Cleveland, Ohio. On May 25, 2005, defendant DBNTC, claiming that it was the owner and holder of the of the note executed by Kimball, sued Kimball in the Cuyahoga County Court of Common Pleas to foreclose on the East 173rd Street property (Kimball Foreclosure Action). Defendant MDK, a law firm, filed and prosecuted the foreclosure action against Kimball on behalf of DBNTC. The Kimball Foreclosure Action concluded with a judgment in favor of DBNTC and the property was sold to DBNTC at a sheriff's auction in November, 2006. Kimball alleges in the Complaint that DBNTC was not the owner and holder of the promissory note when the Kimball Foreclosure Action was filed.

## C. *Stepanek Foreclosure*

On December 2, 2005, plaintiff James Stepanek (Stepanek) executed a promissory note to Argent Mortgage Company, LLC (Argent) primarily for personal, family or household purposes. The note was secured by a mortgage to Argent on property located on West 106th Street in Cleveland, Ohio. On March 25, 2008, defendant DBNTC, claiming that it was the owner and holder of the of the note and mortgage executed by Stepanek, sued Stepanek in the Cuyahoga County Court of Common Pleas to foreclose on the West 106th Street property (Stepanek Foreclosure Action). Defendant Reisenfeld, a law firm, filed and prosecuted the foreclosure action against Stepanek on behalf of DBNTC.

At the time the Complaint was filed, the Stepanek Foreclosure Action was pending. Stepanek alleges in the Complaint that DBNTC actually was not the owner and holder of the note and mortgage when the Stepanek Foreclosure Action was filed. However, the Court notes that the Stepanek mortgage was assigned prior to the Stepanek Foreclosure Action and recorded the same day that action was filed. *See* ECF 73–3.

### III. LAW AND ANALYSIS

## A. *Rooker–Feldman* Doctrine

### *The Court has Subject Matter Jurisdiction to Rule on this Case*

As a threshold matter, defendants contend that the Court lacks subject matter jurisdiction over the Whittiker and Kimball claims under the *Rooker–Feldman* doctrine. *Rooker–Feldman* must be considered first because its application strips the Court of jurisdiction to consider affirmative defenses and the other bases of defendants' motions. *See Hutcherson v. Lauderdale County, Tennessee,* 326 F.3d 747, 755 (6th Cir.2003) (rehearing and suggestion for rehearing *en banc* denied).

The *Rooker–Feldman* doctrine stands for the "unremarkable proposition that a federal district court lacks subject matter jurisdiction to review a state court decision." *Pittman v. Cuyahoga County Department of Children and Family Services,* 241 Fed.Appx. 285, 287 (6th Cir. 2007) (citing *McCormick v. Braverman,* 451 F.3d 382, 389 (6th Cir.2006)); *See D.C. Ct. of App. v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

A recent United States Supreme Court decision in *Exxon Mobil Corp. v.*

*Saudi Basic Industries Corp.*[4] clarified that the application of the *Rooker–Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Givens v. Homecomings Financial,* 278 Fed.Appx. 607, 609 (6th Cir.2008) (quoting *Exxon Mobil Corp.,* 544 U.S. at 284, 125 S.Ct. 1517). In the wake of *Exxon Mobil Corp.,* the Sixth Circuit has "tightened the scope of *Rooker–Feldman.*" *Pittman,* 241 Fed.Appx. at 287 (citing *Coles v. Granville,* 448 F.3d 853, 857 (6th Cir.2006)). *Rooker–Feldman* only deprives a district court of jurisdiction only "when the cause of the plaintiff's complaint is the state judgment itself." *Givens v. Homecomings Financial,* 278 Fed.Appx. at 609 (citing *McCormick,* 451 F.3d at 393).

■ The *Rooker–Feldman* doctrine does not prevent a district court from exercising subject matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court, as long as the federal plaintiff presents an independent claim even if that claim denies a legal conclusion reached by the state court.[5] *Pittman,* 241 Fed.Appx. at 287 (citing *Exxon Mobil Corp.,* 544 U.S. at 284, 125 S.Ct. 1517).

In *McCormick,* the Sixth Circuit provided guidance in differentiating between a claim that attacks a state court judgment and is therefore within the scope of *Rooker–Feldman,* and an independent claim over which the district court has subject matter jurisdiction.

The inquiry then is the source of the injury plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim. . . . . The key point is that the source of the injury must be from the state court judgment itself; a claim alleging another source of injury is an independent claim.

*McCormick,* 451 F.3d at 393–94.

A claim that the state court judgment was procured by the alleged wrongdoing of the defendant is an independent claim over which the district court may assert jurisdiction, even if those independent claims deny a legal conclusion of the state court. *McCormick,* 451 F.3d at 392–93 (*Rooker–Feldman* doctrine does not deprive district court of jurisdiction over federal plaintiff's claims against receiver and homeowners' insurer alleging fraud in obtaining order of receivership from state court). In *Todd v. Weltman, Weinberg & Reis Co.,*[6] the Sixth Circuit found that the *Rooker–Feldman* doctrine did not deprive the district court of subject matter jurisdiction over plaintiff's federal claim that defendant filed a false affidavit in a state court garnishment proceeding. *Todd,* 434 F.3d at 437. In *Brown v. First Nationwide Mortgage Corporation,*[7] the Sixth Circuit held that a federal plaintiff's allegations of fraud in connection with a state court proceeding does not constitute a complaint regarding the foreclosure decree itself, but concerns

**4.** 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

**5.** Efforts to litigate in federal courts matters previously litigated in state court may be barred on other grounds, however, such as claim and issue preclusion even if *Rooker–*

*Feldman* does not divest the district court of subject matter jurisdiction over those claims.

**6.** 434 F.3d 432, 437 (6th Cir.2006).

**7.** 206 Fed.Appx. 436, 440 (6th Cir.2006).

defendant's actions that preceded the decree, and therefore plaintiff's claim that the foreclosure decree was procured by fraud is not barred by *Rooker–Feldman. Brown,* 206 Fed.Appx. at 440.

■ In this case, the source of the injury claimed by plaintiffs is the allegedly false information provided by defendants in the underlying foreclosure proceedings to obtain judgments, not the foreclosure judgments themselves. Because plaintiffs' alleged injuries are caused by the alleged wrongful acts of defendants in the foreclosure proceedings and not the foreclosure judgment, the Court concludes that Whittiker and Kimball assert independent claims that are not barred by *Rooker–Feldman* and over which the Court may assert subject matter jurisdiction.

## B. *Younger* Abstention Doctrine

### *The Court is Not Required to Abstain from Ruling on this Case*

■ DBNTC argues in its motion to dismiss that the Court should abstain from hearing plaintiff Stepanek's claims pursuant to the *Younger* doctrine because Stepanek's foreclosure proceeding remains pending in the Cuyahoga County Court of Common Pleas. In *Younger v. Harris,* the United States Supreme Court held that federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief in state court criminal proceedings. *Squire v. Coughlan,* 469 F.3d 551, 555 (6th Cir.2006) (citing *Younger v. Harris,* 401 U.S. 37, 53–54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)); *Borkowski v. Fremont Investment and Loan,* 368 F.Supp.2d 822, 828 (N.D.Ohio 2005) (abstention mandated when federal court intervention unduly interferes with the legitimate activities of the state). The doctrine was later expanded by the Supreme Court to noncriminal judicial proceedings when important state interests are involved. *Id.* (citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).

■ Three requirements must be met for *Younger* abstention to be appropriate: 1) there must be an ongoing state judicial proceeding; 2) the proceedings must implicate an important state interest; and 3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Leatherworks Partnership, et al. v. Boccia, et al.,* 246 Fed.Appx. 311, 317 (6th Cir.2007) (citing *Middlesex County Ethics Committee,* 457 U.S. at 432, 102 S.Ct. 2515); *see also Doscher v. Menifee Circuit Court,* 75 Fed.Appx. 996, 997 (6th Cir.2003); *Borkowski,* 368 F.Supp.2d at 828. However, only exceptional circumstances justify a federal court's refusal to decide a case in deference to a state court. *Executive Arts Studio v. City of Grand Rapids,* 391 F.3d 783, 791 (6th Cir.2005); *Leatherworks Partnership,* 246 Fed.Appx. at 317.

■ In this case, Stepanek claims that defendants made false statements in the underlying foreclosure action that violates the FDCPA. However, he does not ask this Court to enjoin or otherwise interfere with the Stepanek Foreclosure Action. Were the Court to conclude that defendants' allegedly false statements violated the FDCPA, it would be for the state court to decide what effect, if any, that violation had on the Stepanek Foreclosure Action. Further, Stepanek's claim does not assert a constitutional violation in connection with the underlying foreclosure action. *See Leatherworks Partnership,* 246 Fed.Appx. at 318 ("After dismissal of the § 1983 equal protection claim, it is difficult to identify any constitutional issue that would warrant *Younger* abstention analysis.").

The circumstances of this case do not justify the Court's refusal to decide this case in deference to the underlying foreclosure action. Accordingly, the Court declines to abstain from this case pursuant to the *Younger* doctrine.

## C. *Res judicata, collateral estoppel and waiver*

Defendants argue variously that plaintiffs' claims in this case are precluded from consideration by the Court because of *res judicata*, collateral estoppel or by waiver. The essence of defendants' *res judicata*, collateral estoppel and waiver arguments is that plaintiffs failed to challenge DBNTC's standing to sue in the underlying foreclosure actions and are now precluded from doing so.

### 1. Claim preclusion and issue preclusion

Federal courts must give a state court judgment the same preclusive effect that judgment would be given under the law of the state in which the judgment was rendered. *Trafalgar Corp., et al. v. Miami County Board of Commissioners, et al.,* 519 F.3d 285, 287 (6th Cir.2008) (citing *Hamilton's Bogarts, Inc. v. State of Michigan,* 501 F.3d 644, 650 (6th Cir.2007)). Ohio state courts recognize both claim preclusion and issue preclusion. *Trafalgar Corp.,* 519 F.3d at 287 (citing *Fort Frye Teachers Ass'n, OEA/NEA v. State Employment Relations Bd.,* 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998)). The legal doctrine of *res judicata* includes the two related concepts of claim preclusion and issue preclusion. *Fort Frye Teachers Ass'n,* 81 Ohio St.3d at 395, 692 N.E.2d 140

(citing *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995)).

■ *Res judicata* is an affirmative defense and not jurisdictional. *EMC Mortgage Corp. v. Jenkins,* 164 Ohio App.3d 240, 841 N.E.2d 855, 860 (Ohio App. 10 Dist.2005); *see also Hutcherson,* 326 F.3d at 755. While defendants' argument that plaintiffs' action is foreclosed by the principles of *res judicata* may be correct, because *res judicata* is an affirmative defense and not jurisdictional, it is not necessary for the Court to reach that issue in this case.

### 2. Waiver

■ Like *res judicata*, waiver is an affirmative defense. *See* Ohio Civ. R. Rule 8(c); Federal Rule of Civil Procedure 8(c). While defendants' argument that plaintiffs' action is foreclosed by waiver may be correct, because waiver is an affirmative defense and not jurisdictional, it is not necessary for the Court to reach that issue in this case.

## D. *Rule 12(b)(6) and 12(c) Standard of Review* [8]

Defendant DBNTC has moved to dismiss all plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, failure to state a claim upon which relief can be granted. Defendants WWR and Reisenfeld have moved for dismissal of plaintiff Whittiker's and Stepanek's claims, respectively, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, motion for judgment on the pleadings.

With respect to defendants' motion for judgment on the pleadings, all well-pleaded material allegations of the Complaint

---

**8.** Plaintiffs do not object to the standard of review applied to defendants' motion in the Recommendation. However, plaintiffs have objected to the Recommendation that defen-

dants' motions for judgment on the pleadings and motions to be dismiss be granted, and therefore, Court reviews that analysis *de novo.*

must be taken as true and the motion will be granted only if the defendants are nevertheless clearly entitled to judgment as a matter of law. *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)); *Local 219 Plumbing and Pipefitting Industry Pension Fund, et al. v. Buck Consultants, et al.*, 311 Fed.Appx. 827, 2009 WL 396168 (6th Cir.2009).

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must construe the Complaint in the light most favorable to the plaintiffs and accept plaintiffs' well-pleaded allegations as true. *Horattas v. Citigroup Financial Markets Inc.*, 532 F.Supp.2d 891, 895–96 (W.D.Mich.2007) (citing *Nat'l Surety Corp. v. Hartford Cas. Ins. Co.*, 493 F.3d 752, 754 (6th Cir.2007); *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 501–02 (6th Cir.2007)).

■ In a recent anti-trust conspiracy case, *Bell Atlantic Corp., et al. v. Twombly, et al.*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court revised its prior statement that Rule 12(b)(6) dismissal is only proper if it appears beyond doubt that plaintiff can prove "no set of facts" in support of his claim that would entitle him to relief, and dismissed the plaintiff's complaint "because it did not contain facts sufficient to 'state a claim for relief that is plausible on its face.'" *Weisbarth v. Geauga Park District*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Twombly*, 127 S.Ct. at 1974). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Association of Cleveland Fire Fighters, et al. v. City of Cleveland, Ohio, et al.*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965–65).[9]

### E. Consideration of Matters Outside the Pleadings—DBNTC's Requests for Judicial Notice are Granted

■ Rule 12(d) of the Federal Rules of Civil Procedure provides that if on a motion pursuant to Rule 12(b)(6) or Rule 12(c) matters outside the pleadings are considered, the motion must be treated as one for summary judgment under Rule 56. In ruling on a motion to dismiss or motion for judgment on the pleadings, the Court may only consider documents attached to, incorporated by, or referred to in the pleadings. Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in plaintiff's complaint and are central to the claims, and therefore may be considered without converting a Rule 12(b)(6) motion to dismiss to a Rule 56 motion. *Weiner v. Klais and Company*, 108 F.3d 86, 89 (6th Cir.1997). The same analysis applies to

---

**9.** As recognized by the Sixth Circuit, the scope of the applicability of *Twombly* in 12(b)(6) analysis outside of anti-trust cases is uncertain. *Weisbarth v. Geauga Park District*, 499 F.3d at 541. However in this case, that issue need not be resolved because plaintiffs' claims fail under either standard. About two weeks after *Twombly* was decided, the Supreme Court affirmed that Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement that the pleader is entitled to relief and that specific facts are not necessary and that when ruling on a motion

to dismiss, a judge must accept as true all of the factual allegations in the complaint. *Tucker*, 539 F.3d at 550 (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Twombly*, 127 S.Ct. at 1965)). The Sixth Circuit reads the *Twombly* and *Erickson* decisions in conjunction with each other with respect to motions for judgment on the pleadings or motions to dismiss for failure to state a claim. *Tucker*, 539 F.3d at 550 (quoting *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295–96 (6th Cir.2008)).

information that may be considered without converting a Rule 12(c) motion for judgment on the pleadings to one for summary judgment. *See Savage v. Hatcher,* 109 Fed.Appx. 759, 760 (6th Cir.2004) (citing *Weiner* regarding limiting a federal court's review to the "pleadings" when considering motion for judgment on the pleadings); *Kerper–Snyder v. Multi–County Juvenile Attention,* 2009 WL 88048 (N.D.Ohio) (citing *Weiner* regarding limiting federal court's review to "pleadings" when considering motion or judgment on the pleadings); *see also Horsley v. Feldt,* 304 F.3d 1125, 1133–35 (11th Cir. 2002); *Lindsay v. Yates,* 498 F.3d 434, 437 n. 5 (6th Cir.2007) (legal standard for adjudicating a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion).

■ In addition to consideration of the pleadings, federal courts may also consider materials that are public records or otherwise appropriate for taking judicial notice without converting a Rule 12(b)(6) motion to a Rule 56 motion. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir.2003). The same is true with respect to Rule 12(c) motions for judgment on the pleadings. *Barany–Snyder v. Weiner,* 539 F.3d 327, 332 (6th Cir.2008) (public records may be taken into account when considering Rule 12(c) motion for judgment on the pleadings); *Lindsay,* 498 F.3d at 437 n. 5 (legal standard for adjudicating a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion).

■ The documents attached to defendants' motions, and the subject of DBNTC's requests for judicial notice, are both public records and central to plaintiffs' claims that defendants violated the FDCPA because DBNTC was not the holder of plaintiffs' mortgages when the underlying foreclosure actions were filed. The documents are public records regarding the state foreclosure actions, and documents showing DBNTC to be the trustee of the issuer or the depositor of the mortgage loans before the filing of the state foreclosure actions.

DBNTC's requests that the Court take judicial notice (ECF 76 and 92–2) of certain documents in support of its Rule 12(b)(6) motion to dismiss were not opposed by plaintiffs nor did plaintiffs object during oral argument held by the Magistrate Judge. *See* ECF 99, fn. 9. Plaintiffs objected to the Recommendation that DBNTC's requests for judicial notice of certain documents be granted, but beyond merely asserting their objection, offered no argument in support.

The Court conducted a *de novo* review regarding DBNTC's requests for judicial notice, and concurs with the Recommendation that DBNTC's requests that the Court take judicial notice of certain documents be granted. Accordingly, DBNTC's requests for judicial notice (ECF 76 and 92–2) are GRANTED.

## F. Fair Debt Collection Practices Act, 15 U.S.C. § 1692e

Section 1692e of the FDCPA generally prohibits a debt collector from using false, deceptive or misleading representation or means in connection with the collection of a debt. Plaintiffs allege that defendants violated 15 U.S.C. §§ 1692e(2), (5) and (10) [10] in the underlying foreclosure actions by, in essence, misrepresenting DBNTC's ownership of plaintiffs' notes at the time the underlying foreclosure actions were

---

**10.** Plaintiffs allege in Count 1 that defendants violated § 1692e by falsely representing or implying that the debt was owing to DBNTC as an innocent purchaser for value when such an assignment had not been accomplished, but does not allege a violation of § 1692e(12).

filed, thus concealing the fact that it lacked capacity to bring the foreclosure actions.[11]

The sections of 15 U.S.C. § 1692e at issue provide in relevant part:

§ 1692e—False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or . . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken . . .

(10) The use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

■■ Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on the objective test of whether the "least sophisticated consumer" would be misled by defendant's actions. *Barany–Snyder v. Weiner*, 539 F.3d 327, 332–33 (6th Cir.2008) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006)); *see also Deere v. Javitch, Block and Rathbone, LLP*, 413 F.Supp.2d. 886, 889 (S.D.Ohio 2006) (citing *Smith v. Transworld Systems*, 953 F.2d 1025, 1029 (6th Cir.1992)). Whether a statement is deceptive to the least sophisticated consumer is a question of law. *See Federal Home Loan Mort.*

*Corp. v. Lamar*, 503 F.3d 504, 508 at fn. 2 (6th Cir.2007).

In order to establish a claim under § 1692e: 1) plaintiffs must be a "consumer" as defined by 15 U.S.C. § 1692; 2) the "debt" must arises out of transactions which are "primarily for personal, family or household purposes" (*see* 15 U.S.C. § 1692a(5)); 3) defendant must be a "debt collector" as defined by 15 U.S.C. § 1692a(6)[12]; and 4) defendant must have violated § 1692e's prohibitions. The absence of any factor is fatal to plaintiffs' claims under § 1692e.

1. **Whittiker's and Kimball's FDCPA claims are time barred by the statute of limitations**

■■ 15 U.S.C. § 1692k(d) provides that an action pursuant to § 1692e may be brought in federal court without regard to the amount in controversy "within one year from the date on which the violation occurs." In their motions, defendants argue that Whittiker's and Kimball's FDCPA claims are barred by the applicable statute of limitations. Plaintiffs do not deny that Whittiker's and Kimball's FDCPA claims were filed outside of § 1692k(d)'s one year statute of limitations, but argue that their claims are subject to equitable tolling because defendants' alleged misrepresentations that DBNTC was the owner and holder of their notes were concealed by the defendants and could not be reasonably discovered by plaintiffs.

The Recommendation assumed without deciding for the purpose of that analysis that the FDCPA's one year statute of limitations was subject to equitable tolling. However, the Recommendation concluded

---

**11.** *See* Complaint, par. 36 (ECF 57).

**12.** DBNTC argues in its motion to dismiss that it is not a debt collector within the meaning of the FDCPA. However, the Court need not and does not decide that issue in this case because the plaintiffs' FDCPA claims fail on other grounds.

that the application of equitable tolling to Whittiker's and Kimball's claims was not appropriate. The plaintiffs have objected to the Recommendation on this point, and therefore the Court will review the issue *de novo*.

Plaintiffs Whittiker and Kimball assert that defendants concealed their FDCPA cause of action arising from defendants' misrepresentations of DBNTC's ownership of the note and mortgage in the underlying foreclosure actions, and that these misrepresentations equitably toll the FDCPA's one year statute of limitations. The Sixth Circuit has not yet ruled whether the FDCPA statute of limitations is subject to equitable tolling.[13] However, based on its analysis below, the Court concludes that plaintiffs cannot prevail on their equitable tolling argument even assuming that the FDCPA statute of limitations is subject to equitable tolling. Therefore is not necessary for the Court to decide in this case whether the FDCPA statute of limitations is subject to equitable tolling.

 In order to establish equitable tolling by fraudulent concealment, plaintiffs must allege and establish that: 1) defendants concealed the conduct that constitutes the cause of action; 2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitation period; and 3) until discovery of the cause of action, plaintiffs exercised due diligence in trying to find out about the cause of action. *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1465 (6th Cir.1988). Whittiker and Kimball have not alleged the elements of equitable tolling by fraudulent concealment in their complaint, and other documents properly before the Court on these Rule 12 motions provide no support for the application of equitable tolling to Whittiker's and Kimball's claims even when viewed in a light most favorable to the plaintiffs.

Defendants' conduct that allegedly violates the FDCPA are the allegedly false statements in the underlying foreclosure complaints that DBNTC was the owner and holder of the notes and mortgages which were the subject of the foreclosure. Whittiker and Kimball have not alleged, and the pleadings and other documents properly before the Court and viewed in favor of plaintiffs do not indicate, that these allegedly false statements were affirmatively concealed from plaintiffs by defendants, or that, despite the exercise of due diligence, defendants' conduct prevented plaintiffs from discovering their FDCPA claims.[14]

Based on this analysis, the Court concludes that, in this case, it would not be

---

**13.** Although the Sixth Circuit has not ruled precisely on this issue, the *Foster* court in the Southern District of Ohio concluded that equitable tolling is available to FDCPA plaintiffs based on the Sixth Circuit decision finding equitable tolling applicable to the Truth in Lending Act statute of limitations. *See Foster, et al. v. D.B.S. Collection Agency*, 463 F.Supp.2d 783, 799 (S.D.Ohio 2006) (citing *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1040–43 (6th Cir.1984)).

**14.** Additionally in the case of Whittiker, the FDCPA was asserted as an affirmative defense in the answer to the foreclosure complaint filed by Whittiker's attorney in the Whittiker Foreclosure Action. Further, DBNTC filed a motion in the Whittiker Foreclosure Action to "substitute" itself as the party plaintiff after the assignment of the note and mortgage had been completed, and the state court granted that motion. Under these facts, Whittiker, who was represented by counsel in the underlying foreclosure action, cannot realistically claim that the FDCPA claims now before this Court could not have been reasonable discovered despite the exercise of due diligence within the statute of limitations, or that DBNTC concealed the status of the assignment of the underlying note/mortgage which Whittiker now alleges constitutes a FDCPA violation.

appropriate to equitably toll the FDCPA statute of limitations even if the FDCPA statute of limitations were subject to equitable tolling. Accordingly, the Court concurs with the Recommendation and finds that Whittiker's and Kimball's claims are time-barred by the FDCPA statute of limitations.

### 2. Plaintiffs do not assert actionable FDCPA claims

#### a. Kimball

The Court has already determined that Kimball's FDCPA claims are barred by the statute of limitations. Additionally, Kimball has failed to allege actionable FDCPA claims.

The prohibitions of the FDCPA cover debts which arise out of transactions primarily for personal, family, or household purposes. See 15 U.S.C. § 1692a(5). Whittiker and Stepanek allege in the Complaint that their debt was created primarily for personal, family or household purposes. However, this allegation is conspicuously absent from Kimball's allegations. The absence of this allegation to establish that Kimball's debt is even covered by the prohibitions of the FDCPA § 1692e was pointed out in the defendants' briefs and in the Recommendation, but not refuted in plaintiffs' opposition to defendants' motions or in plaintiffs' objections to the Recommendation.

Construing in Kimball's favor the Complaint and documents properly before the Court on defendants' Rule 12 motions, there is nothing to support a finding that Kimball's debt is primarily for personal, family, or household purposes. This failure is fatal to Kimball's FDCPA claims even if Kimball was not already time-barred by the FDCPA statute of limitations. Kafele v. Shapiro, 2006 WL 783457 at *5 (S.D.Ohio) (plaintiff's claim under the FDCPA fails as a matter of law because plaintiff made no attempt to come forward with evidence that the subject properties were for personal, family or household purposes).

The Court finds that Kimball's FDCPA claims fail as a matter of law in addition to being time-barred by the FDCPA statute of limitations, and concurs with the Recommendation. Accordingly, DBNTC's motion to dismiss Kimball's FDCPA claims is granted.

#### b. DBNTC's foreclosure complaints not deceptive to the least sophisticated consumer [15]

■ The "essence" of plaintiffs' FDCPA claims is that "defendants misrepresented Deutsche Bank's ownership of Plaintiffs' notes and thus concealed the fact that it lacked capacity to bring the foreclosure actions." ECF 85, p. 41 of 47. In the case of Whittiker [16] and Kimball, the debt was assigned to DBNTC and recorded prior to the final adjudication of the

---

15. The Court has already determined that, as a threshold matter, Whittiker's and Kimball's claims are time barred by the FDCPA statute of limitations. Further in the case of Kimball, the Court has determined that her FDCPA claims fail because Kimball has not alleged or placed before the Court any evidence that her debt was for personal, family, or household purposes. Nevertheless, the analysis of this section also applies to the Whittiker and Kimball plaintiffs.

16. After DBNTC commenced the foreclosure proceeding against Whittiker, DBNTC moved the state court to allow "substitution" of DBNTC as the plaintiff after the assignment of the debt was completed, which was granted. See ECF 69–4 and 69–9. As plaintiffs point out in their opposition to defendants' motions to dismiss, the state court's judgment was based on DBNTC's ownership of the note at the time the foreclosure judgment was granted.

state court foreclosure actions.[17] Implicit in the state courts' judgments in favor of DBNTC in the Whittiker and Kimball Foreclosure Actions is the determination that any standing and capacity issues that may have been present are not fatal to a state court action, but may be cured.[18] In the case of Stepanek, the mortgage loan was assigned and recorded prior to or at the same time Stepanek Foreclosure Action was filed.

■ In the Sixth Circuit, a false statement that is not deceptive applying the objective "least sophisticated consumer" test is not a violation of the FDCPA. *See Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 401–02 (6th Cir.1998).[19] Further, simple inability to prove present debt ownership at the time a collection action is filed does not constitute a FDCPA viola-

tion. *Harvey v. Great Seneca Financial Corporation*, 453 F.3d 324, 331–33 (6th Cir.2006). However, when a complaint for a FDCPA violation alleges that the plaintiff in the underlying collection action asserted it was the owner of the debt "all the while knowing that they did not have means of proving the debt," that FDCPA complaint will survive a motion to dismiss for failure to state a claim. *See Delawder v. Platinum Financial Services*, 443 F.Supp.2d 942, 945 (S.D.Ohio 2005) (false affidavit attached to complaint "all the while knowing that they did not have means of proving the debt").

In finding no FDCPA violation based inability to establish debt ownership at the time the collection action is filed, the *Harvey* court distinguished the facts before it from *Delawder*. Unlike the plaintiff in

---

**17.** *See* citations to documents for which the Court has taken judicial notice in the Recommendation at p. 934.

**18.** In Ohio, except in limited cases involving administrative appeals, standing is not jurisdictional but may be cured by substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998); *see also Bank of New York v. Stuart*, 2007 WL 936706 (9th District) (bank that had filed foreclosure action could cure real-party-in-interest problem by subsequently obtaining the mortgage); *Foster*, 463 F.Supp.2d at 791 (state court determined that even though plaintiff did not have legal capacity to sue because plaintiff had not registered with Secretary of State, the collection action could remain pending after plaintiff registered with Secretary of State and then had legal capacity); *but see Wells Fargo Bank v. Byrd*, 178 Ohio App.3d 285, 897 N.E.2d 722, 725–27 (2008) (in a foreclosure action, a bank that was not the mortgagee when suit was filed cannot cure lack of standing by subsequently obtaining an interest in the mortgage).

The Court recognizes that standing, capacity to sue, and real-party-in-interest are differ-

ent concepts that are frequently confused. *See Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir.1992). However, the various use of these terms by the parties does not alter the analysis or outcome in this case.

**19.** Two district courts in the Southern District of Ohio have relied on an unpublished Sixth Circuit opinion to arrive at a different conclusion. *See Kelly v. Great Seneca Financial Corp.*, 443 F.Supp.2d 954, 961 (S.D.Ohio 2005) ("[A]fter *Lewis*, where a per se false statement was apparently not enough without "deception," the Sixth Circuit suggested in an unpublished opinion that an "incorrect" representation in a collection letter is sufficient under section 1692e(2) to withstand a motion to dismiss, without discussing its deceptive or misleading character.") (citing *Savage v. Hatcher*, 109 Fed.Appx. 759, 761 (6th Cir. 2004)); *Hartman v. Asset Acceptance Corp.*, 467 F.Supp.2d 769, 779 (S.D.Ohio 2004) ("[A]fter *Lewis*, where a per se false statement was apparently not enough without "deception," the Sixth Circuit has recently suggested in an unpublished opinion that an "incorrect" representation in a collection letter is sufficient under section 1692e(2) to withstand a motion to dismiss, without discussing its deceptive or misleading character.") (citing *Savage v. Hatcher*, 109 Fed.Appx. 759, 761 (6th Cir.2004)).

*Delawder*, the plaintiff in *Harvey* did not allege that the defendants in the underlying collection action attached a false document to the collection complaint or even that the debt-collection claim was false or unsubstantiated. The *Harvey* court further distinguished the facts before it from cases in other circuits where misrepresentations of the legal character of the debt owed constituted a false, misleading, or deceptive practice to the unsophisticated consumer under the FDCPA. *Harvey v. Great Seneca Financial Corporation*, 453 F.3d at 332–33 (citing *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir.2001) (filing of lawsuit to collect a debt that is barred by the statute of limitations is false, misleading and deceptive); *Goins v. JBC & Assoc.*, 352 F.Supp.2d 262, 272 (D.Conn.2005) (letters threatening suit on time-barred debt is a misleading representation); *Shorty v. Capital One Bank*, 90 F.Supp.2d 1330, 1331 (D.N.M.2000) (filing of a time-barred claim is a deceptive practice because the debt cannot be pursued in court); *Kimber v. Fed. Fin. Corp.*, 668 F.Supp. 1480, 1489 (M.D.Ala.1987) (letters threatening to sue on time-barred claim is misleading because debt collector cannot legally prevail in such a lawsuit)); *see also, Foster*, 463 F.Supp.2d at 801–03 (§ 1692e violated when collection action commenced even though plaintiff was prohibited from commencing or maintaining civil action in any Ohio court under a fictitious name without complying with registration and recording requirements with the Secretary of State pursuant to Ohio Rev.Code §§ 1329.06 and 1329.10; § 1692e violated when collection action brought against spouse who did not have legal obligation to pay); *Williams v. Javitch, Block & Rathbone, LLP*, 480 F.Supp.2d 1016 (S.D.Ohio 2007) (knowledge that information in affidavit is false

as to specifics of debt is more than lack of paper trail); *Gionis v. Javitch, Block & Rathbone, LLP*, 238 Fed.Appx. 24, 28–30 (6th Cir.2007) (threat to take action that cannot be legally taken in Ohio (collect attorney fees) violates § 1692e).

In this case, plaintiffs do not claim that DBNTC filed the underlying foreclosure actions all the while knowing that it did not have the means to prove ownership of the debts. In fact, based on documents properly before the Court, DBNTC, as trustee, was the holder of the mortgages and accompanying notes of each of the plaintiffs at the time the state foreclosure actions were filed,[20] and the state courts rendered judgments in favor of DBNTC in the Whittiker and Kimball Foreclosure Actions based on DBNTC's ownership of those debts.

Further, plaintiffs do not claim that the existence or amounts of the debts are false, that DBNTC could not prove the debts, that they have no legal obligation to pay the debts, that the underlying foreclosure actions are time-barred, or some other circumstance under which DBNTC filed suit when it could not legally prevail in the underlying foreclosure actions. In fact, DBNTC did legally prevail in the Whittiker and Kimball Foreclosure Actions. The Stepanek Foreclosure Action was not concluded when the Complaint was filed.

The Court finds the analysis of *Harvey* and *Lewis* to be persuasive in this case. The fact that DBNTC may have filed the state court foreclosure actions before assignment of the debt was completed is not deceptive or misleading to the least sophisticated debtor as to DBNTC's ability to prove ownership of the debts, the existence or amount of the debts, the plaintiffs' obligations to pay the debts, or the ability of DBNTC to legally prevail in

20. *See* ECF 99, pp. 13–19.

the foreclosure actions. The filing of a foreclosure action by a plaintiff in the process of obtaining an assignment not yet fully documented is not a deceptive, misleading, or abusive tactic and does not violate the FDCPA. *See Harvey,* 453 F.3d at 330–331; *Shivone,* 2008 WL 3154702 at *1("The Court is not convinced that filing a complaint in a mortgage foreclosure on behalf of a lender in the process of obtaining an assignment not fully documented constitutes a violation of the Fair Debt Collection Practices Act." (citing *Harvey,* 453 F.3d at 329–333)).

The Court finds that plaintiffs' FDCPA claims fail as a matter of law because even if DBNTC's assertion in the underlying foreclosure actions that it was the owner and holder of the notes and mortgages is false, the Court finds that it is not deceptive, misleading or abusive, and concurs with the Recommendation. Accordingly, defendants' motions as to plaintiffs' FDCPA claims (Count 1) are granted.

### G. The Ohio "Negotiation" Statute, Ohio Rev.Code § 1303.21

■ The primary focus of plaintiffs' objections to the Recommendation is that it did not consider the Ohio "negotiation" statute. According to plaintiffs, defendants' failure to satisfy the requirements of Ohio Rev.Code § 1303.21 means that DBNTC's representation in the underlying foreclosure complaints that it is the "holder" of plaintiffs' notes is false, and therefore violates § 1692e of the FDCPA.

As discussed in the previous section, the documents properly before the Court establish that DBNTC, as trustee, was the holder of the notes and mortgages. In the case of Stepanek, the mortgage was assigned when the Stepanek Foreclosure Action was filed.

However, also for the reasons discussed in the previous section, even if defendants' alleged failure to comply with the requirements of Ohio Rev.Code § 1303.21 rendered DBNTC's statements in the underlying foreclosure actions false, the Court finds that the least sophisticated consumer would not be deceived regarding the debt, DBNTC's ability to prove ownership of the debt, or DBNTC's ability to legally prevail in the underlying state foreclosure actions. Accordingly, the alleged non-compliance with Ohio Rev.Code § 1303.21, even if true, does not result in an actionable claim under § 1692e of the FDCPA.

### H. The Court Declines to Exercise Jurisdiction Over State Law Claims

28 U.S.C. § 1367 provides for the exercise of supplemental jurisdiction by district courts over state law claims. Pursuant to the statute, a district court may decline supplemental jurisdiction over a state law claim when the district court has dismissed all claims over which the district court had original jurisdiction. 28 U.S.C. § 1367(c)(3).

The Court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims. *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1254 (6th Cir.1996). The usual course is for the district court to dismiss the state law claims if all federal claims are disposed of prior to trial. *See Musson Theatrical,* 89 F.3d at 1254 (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)); *Brandenburg v. Housing Authority of Irvine,* 253 F.3d 891, 900 (6th Cir.2001) (quoting *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130).

In this case, plaintiffs' FDCPA claims (Count 1) were their only federal claims. Plaintiffs' only remaining claims, Counts 2 and 3, are state law claims. There are no exceptional circumstances in this case that

would justify the Court exercising its discretion to retain jurisdiction over the two remaining state law claims.

After conducting a *de novo* review, the Court concurs with the Recommendation and declines to exercise supplemental jurisdiction over Counts 2 and 3 of the Complaint. Accordingly, Counts 2 and 3 of the Complaint are dismissed without prejudice.

### IV. CONCLUSION

For the reasons discussed herein after a *de novo* review, and for the reasons contained in the Recommendation, the Court rules as follows:

1) Defendant MDK's motion for judgment on the pleadings (ECF 70) is denied without prejudice as moot;

2) Defendant Reisenfeld's motion for judgment on the pleadings (ECF 72) is granted as to Count 1. The Court declines to exercise jurisdiction as to plaintiffs' remaining state claims (Counts 2 and 3), and dismisses those claims without prejudice. Consequently, Reisenfeld's motion judgment on the pleadings as to Counts 2 and 3 is denied without prejudice as moot;

3) Defendant WWR's motion for judgment on the pleadings (ECF 74) is granted as to Count 1. The Court declines to exercise jurisdiction as to plaintiffs' remaining state claims (Counts 2 and 3), and dismisses those claims without prejudice. Consequently, WWR's motion for judgment on the pleadings as to Counts 2 and 3 is denied without prejudice as moot;

4) Defendant DBNTC's motion to dismiss (ECF 75) is granted as to Count 1. The Court declines to exercise jurisdiction as to plaintiffs' remaining state claims (Counts 2 and 3), and dismisses those claims without prejudice. Consequently, DBNTC's motion to dismiss as to Counts 2 and 3 is denied without prejudice as moot; and

5) DBNTC's requests that the Court to take judicial notice of certain documents in support of DBNTC's motion to dismiss, ECF 76 and 92–2, are granted.

Also pending before the Court is plaintiffs' motion for class certification (ECF 54). Because the Court has granted the defendants' dispositive motions as to plaintiffs' federal claims, and declined to exercise jurisdiction over plaintiffs' two state law claims, plaintiffs' motion for class certification (ECF 54) is moot, and therefore denied as such without prejudice.

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION

BENITA Y. PEARSON, United States Magistrate Judge.

The matter is before this Court pursuant to a referral order from District Court Judge Dowd under *28 U.S.C. § 636(b)(1)* and Local Rule 72. 1, seeking a report and recommendation on outstanding dispositive motions and a request for judicial notice. (Referral Order, *ECF No. 93* ).[1]

### I. Introduction

Count One of the First Amended Complaint alleges that the defendants violated a federal statute, the Fair Debt Collection Practices Act ("FDCPA"), Title 15, United States Code, Section 1692 *et seq.*, by filing three separate state court foreclosure complaints that "falsely represented that the [mortgage] debts were owed to Deutsche Bank National Trust Company ("DBNTC"), when in fact they were not." [2] (Plaintiffs' Opposition, *ECF No. 85 at 26*.)

---

1. Although not specified in the Referral Order, this Court also recommends a ruling on

DBNTC's Request for Judicial Notice at *ECF No. 92–2.*

2. The instant complaint challenges only three

Count Two alleges violations of Ohio's Corrupt Practices Act ("Ohio RICO"), pursuant to *Ohio Revised Code § 2923.32* and Count Three seeks Appointment of Receiver, pursuant to *Ohio Revised Code § 2923.32*. Counts Two and Three are state-law causes of action and arise from the same circumstances causing Count One.

The defendants moved to dismiss each count of the First Amended Complaint.

For the reasons set forth in detail below, the Magistrate Judge recommends that the motions to dismiss be granted as to Count One, the sole federal cause of action, and that the Court decline to maintain jurisdiction over the remaining state law causes of action, Counts Two and Three. This report, therefore, focuses on the only federal claim, Count One.

### 1. The Parties:

Plaintiffs are individuals against whom foreclosure actions have been filed in the Court of Common Pleas for Cuyahoga County, Ohio ("state court"). The matters regarding the Whittikers (Jerry and Frances) and Valeria Kimball have been fully

adjudicated in state court with foreclosure having been granted to DBNTC. The matter regarding James Stepanek is still pending in state court. The First Amended Complaint explicitly alleges that the mortgage debts for the Whittikers and Stepanek were "created primarily for personal, family or household purposes." (First Amended Complaint, *ECF No. 57 at ¶¶ 19 and 31.*) The First Amended Complaint is silent on this matter as to Plaintiff Valeria Kimball.[3] Plaintiffs allege that each defendant is a "debt collector" as defined in section 1692e of Title 15, United States Code.

The defendants are DBNTC, a national banking association, and three law firms hired by DBNTC to file and prosecute the foreclosure actions on behalf of DBNTC in state court. Paragraphs 2 and 12 through 14 of the First Amended Complaint describe DBNTC as a "trustee" (albeit one Plaintiffs' claim is not fully in compliance with Ohio's law governing trustees).[4] (*See* DBNTC's Memo. in Support of Mot. To Dismiss, *ECF No. 75-2 at 11*, including Note 7.) ("DBNTC, as a trustee, is not a debt collector as defined in the FDCPA.")[5]

---

foreclosure actions; the record, as a whole, however, clearly shows an intention to seek certification of the matter as a class action. (*See* Motion for Class Certification, *ECF No. 54.*) Plaintiffs' Motion for Class Certification is still pending; that motion, however, was not referred to the Magistrate Judge.

**3.** The omission of Ms. Kimball's primary use of the mortgage debt is significant as pointed out by Defendant Manley, Deas, Kochalski, LLC ("MDK"): "[B]ecause the FDCPA applies only to debts created 'primarily for personal, family or household purposes,' and because Kimball's alleged FDCPA claim is the sole basis for subject matter jurisdiction [in federal court]. Without this essential element, Kimball has failed to establish that this Court has subject matter jurisdiction over her claims." (MDK Memo in Support of Mot. To Dismiss, *ECF No. 71 at 2.*) Additionally, without admitting that the allegation that the debt

was "incurred for personal, family or household purposes" was "necessary to avoid dismissal," Plaintiffs pledged the First Amended Complaint would include such an allegation. (Plaintiffs Memo. in Resp., *ECF No. 51 at 4.*) It did not.

**4.** DBNTC also describes itself as a trustee and provides documentation in support. (*See* Request For Judicial Notice, *ECF Nos. 76-8; 76-9; 76-10.*)

**5.** DBNTC argues that it is not a debt collector as defined by the FDCPA and, for that reason among others, urges that Count One must fail. The Court finds DBNTC's argument well articulated but declines to rule on DBNTC's status as a debt collector because Plaintiffs' failure to allege the linchpin of a FDCPA action—a false, deceptive or misleading representation on the part of the defendants—

Weltman, Weinberg & Reis Co. ("WWR"), a law firm, prosecuted the foreclosure action on the mortgage of the Whittikers on behalf of its client, DBNTC. At the conclusion of that action, the Cuyahoga Court of Common Pleas issued a judgment entry in favor of DBNTC. (*See* WWR Answer to First Amended Complaint, *ECF No. 69, Ex. G.*)

Manley Deas Kochalski, LLC ("MDK"), also a law firm, prosecuted the foreclosure of Valeria Kimball's mortgage on behalf of its client, DBNTC. At the conclusion of that action, the Cuyahoga Court of Common Pleas also issued a judgment entry in favor of DBNTC. (*See* DBNTC Request for Judicial Notice, *ECF No. 76, Exhibit 1.*)

Reisenfeld & Associates ("Reisenfeld"), the third law firm acting on behalf of DBNTC in this matter, initiated the foreclosure of the mortgage of James Stepanek on behalf of its client, DBNTC.

### 2. Procedural History

On February 7, 2008, Plaintiffs Jerry and Frances Whittiker along with Valeria Kimball initiated this matter and subsequently, sought class certification. (Complaint, *ECF No. 1;* Motion for Class Certification, *ECF No. 54.*) On May 16, 2008, Plaintiffs filed the First Amended Complaint and added an additional plaintiff, James K. Stepanek. Each of the four defendants in the instant matter filed motions to dismiss the First Amended Complaint in its entirety. Defendants MDK, Reisenfeld and WWR filed for dismissal pursuant to Rule 12(c), after answering the First Amended Complaint. (*See ECF*

Nos. 70, 72, 74.) DBNTC filed for dismissal pursuant to Rule 12(b)(6) and Requests for the Court to Take Judicial Notice [of certain documents]. (*See ECF Nos. 75, 76, 92–1, 92–2, 92–3, 92–4, 92–5.*) Plaintiffs filed an omnibus response, (*ECF No. 85*), after being granted leave for limited discovery. (Discovery Order, *ECF No. 82.*) Each defendant filed a reply. (*ECF Nos. 89, 90, 91 and 92.*) Plaintiffs filed a sur-reply and Defendant DBNTC replied to Plaintiffs' Sur–Reply.[6]

DBNTC, like each of the three law firm defendants, filed motions arguing several reasons why the entire First Amended Complaint should be dismissed for failure to state a claim upon which relief could be granted. Chief among the collective reasons for dismissing Count One is that DBNTC, as trustee for the issuers of the debt, was indeed the owner and holder of the mortgage note for each of the plaintiffs' at the time of filing in state court, although the mortgages had not yet been assigned or recorded. (DBNTC Request for Judicial Notice, *ECF Nos. 76–3; 76–4; 76–5.*) The Whittiker and Kimball notes were assigned and recorded, however, prior to the final adjudication of the state foreclosure procedures. (DBNTC Request for Judicial Notice, *ECF Nos. 76–2; 76–3; 76–4; 76–5;* WWR Answer to First Amended Complaint, *ECF No. 69, Ex. G.*) The Stepanek mortgage was assigned prior to the foreclosure filing and recorded on the same date as filing. (*See ECF No. 73 at 2;* DBNTC Request for Judicial Notice, *ECF No. 76–5.*)

The other reasons offered for dismissal include *res judicata,* filing beyond the one-

prohibits Plaintiffs from establishing a *prima facie* case under the FDCPA, making no additional analysis of DBNTC's status as a debt collector necessary.

**6.** Prior to the filing of the First Amended Complaint, Defendant Reisenfeld filed a motion to dismiss (*ECF Nos. 32, 33.*) claiming

that the initial Complaint did not allege that either of the named plaintiffs was injured by Reisenfeld or that Reisenfeld was involved in any manner in *their* cases. This motion was terminated as moot due to the filing of the First Amended Complaint.

year statute of limitations and preclusion by the *Rooker–Feldman* and *Younger* Doctrines.[7] MDK's motion for judgment on the pleadings also urges the Court to dismiss Count One relative to Ms. Kimball for failing to allege that Kimball's mortgage debt was incurred for personal use. That threshold issue is addressed below along with the statute of limitations argument.

On December 2, 2008 this Court held oral argument. Consequently, in rendering this recommendation the Court has the benefit of the parties additional views on this matter.

### 3. Basis for Jurisdiction

The FDCPA specifically provides district courts jurisdiction over claims made pursuant to the Act "regardless of the amount in controversy," if the claim is brought "within one year from the date on which the violation occurs." *See 15 U.S.C. § 1692k(d).* Additionally, the Court has federal question jurisdiction under *28 U.S.C. § 1331*, and supplemental jurisdiction over Plaintiffs' state law claims under *28 U.S.C. § 1367.* In considering state law claims pursuant to supplemental jurisdiction, this Court must follow Ohio law. *See Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir.1999).

### II. Legal Standard

### 1. Motions to Dismiss, Generally

*Federal Rule of Civil Procedure 12(c)* is analyzed using the same standard of review employed for a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir.2008) (likening the standard for a Rule 12(b)(6) standard to that of a Rule 12(c) motion); *Tucker v. Middleburg–Leg-*

acy Place, LLC, 539 F.3d 545 (6th Cir. 2008). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007) (internal citation and quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).) But, we "need not accept as true [,] legal conclusions or unwarranted factual inferences." *Id.* at 581–82 (internal citation and quotation marks omitted). A motion brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan*, 510 F.3d at 582 (internal citation and quotation marks omitted).

Dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007) (abrogating passage originating in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), as "an incomplete, negative gloss on an accepted pleading standard").

### 2. Consideration of Matters Outside of the Pleadings

In ruling on a motion to dismiss, the Court must ordinarily look no further than

---

**7.** The *Rooker–Feldman* and *Younger* Abstention doctrines prohibit federal courts from hearing certain matters already decided or still pending in state courts, respectively. Given that Plaintiffs have failed to establish a prima facie case, it is not necessary to rule on the applicability of these limitations on federal jurisdiction nor Defendants' other grounds for dismissal. However mention is provided where needed.

the four corners of the complaint. However, if documents are attached to, incorporated by, or specifically referred to in the complaint, they are considered part of the complaint and the Court may consider them. The Sixth Circuit has held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *See Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citations omitted).

*Federal Rule of Civil Procedure 10(2c)* provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *Sensations*, 526 F.3d at 296 ("finding that a document attached to a complaint is incorporated into pleadings via Rule 10(c) . . .") Rule 7(a) defines "pleadings" to include both the complaint and the answer. "It would seem to follow that if an attachment to an answer is a 'written instrument,' it is part of the pleadings and can be considered on a Rule 12(c)motion for judgment on the pleadings without the motion being converted to one for summary judgment." *Horsley v. Feldt*, 304 F.3d 1125, 1133–35 (11th Cir.2002) ("The conversion provision applicable to Rule 12(b)(6) motions is identical to the one applicable to Rule 12(c) motions, and they serve the identical purpose of preventing the circumvention of the Rule 56 notice and opportunity to be heard provisions when extraneous materials are considered."); *see also Weiner*, 108 F.3d at 89 (applying rule to motion to dismiss under Rule 12(b)(6)).

In addition, the Court may also consider matters outside the complaint of which it would be proper to take judicial notice.

*New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir.2003); *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir.1999).

A defendant may introduce certain pertinent documents if the plaintiff chooses not to do so.[8] *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993); *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir.1991); *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir.1991); *see also supra*, 5 WRIGHT & MILLER, § 1327, at 762–63. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied. *See White Consol. Indus.*, 998 F.2d at 1196. Hence, the Seventh Circuit has held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993).

In the instant matter, Defendant DBNTC has requested that the Court take judicial notice of certain public records including excerpts from the documents showing DBNTC to be trustee of the issuer (re: the Whittikers) or the depositor (re: Kimball and Stepanek) of the mortgage loans of Plaintiffs Whittiker, Kimball and Stepanek prior to the filing of the state foreclosure actions. (*See ECF Nos. 76, 92–2, 92–3, 92–4, 92–5.*)

Additionally, the law firm defendants attached certain public records regarding the state foreclosure action against the

---

**8.** Rule 10(c) is permissive, and a plaintiff is under no obligation to attach to his complaint documents upon which his action is based.

*See* 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1327, at 762 (2d ed. 1990).

Whittikers as exhibits to certain of their answers to the First Amended Complaint and dispositive motions. (*See e.g. ECF Nos. 69–2, 69–3, 69–4, 69–5, 69–6, 69–7, 69–8, 69–9.*)

The Plaintiffs have not objected to these documents nor challenged their authenticity.[9] The proffered documents are all admissible as public records. *See New England Health Care Employees Pension Fund,* 336 F.3d at 501 (courts may consider materials beyond the complaint "if such materials are public records or are otherwise appropriate for the taking of judicial notice."); *see* also F.R.E. 201 ("A court shall take judicial notice if requested by a party and supplied with the necessary information."). Because these documents are central to the Plaintiffs' allegation that DBNTC falsely represented itself as the owner and holder of the Plaintiffs' mortgages, this Court takes judicial notice of them. *See* also F.R.E. 201 ("A court shall take judicial notice if requested by a party and supplied with the necessary information.").

### III. Law and Analysis

### 1. Purpose of the FDCPA

 Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." *15 U.S.C. § 1692e; accord Montgomery v. Huntington Bank,* 346 F.3d 693, 698 (6th Cir.2003); *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 398 (6th Cir.1998). Congress intended the Act to eliminate unfair debt-collection practices, such as late night telephone calls, false representations, and embarrassing communications. *Lewis,* 135 F.3d at 398. The Senate Report justified the need for legislation by stating:

Collection abuse takes many forms, including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.

Sen. Rep. No. 382, 95th Cong., 1st Sess. 2 (1977), reprinted in *1977 U.S.C.C.A.N. 1695,* 1696. *Id.*

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *15 U.S.C. § 1692e.* This broad prohibition is typically referred to as the FDCPA's "general ban." In addition to this general ban, section 1692e is divided into sixteen subsections that provide a non-exhaustive list of prohibited practices. Plaintiffs' First Amended Complaint alleges violation of Section 1692e's general prohibition and sections 1692e(2), (5) and (10). Section 1692e states the following, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of (A) the character, amount, or legal status of any debt; or . . .

---

**9.** Plaintiffs filed no opposition to DBNTC's request for judicial notice nor did they voice any in response to questioning during oral argument. The lack of objection from Plaintiffs satisfies any concern this Court might have had regarding its reliance on the proffered documents which are obviously integral to Plaintiffs' FDCPA claim.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

In determining whether a debt collector's practice is deceptive within the meaning of § 1692e of the FDCPA, the courts routinely apply an objective test based on the understanding of the "least sophisticated consumer." *See e.g. Lewis*, 135 F.3d at 398 (finding "[t]he use of an assigned alias or office name, even when considered from the standpoint of the least sophisticated debtor, does not misrepresent the amount of a debt, the consequences of its nonpayment, nor the rights of the contacted debtor."); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir.1992) (holding that the contents of a collection letter were not misleading, even under the "least sophisticated consumer" standard).[10]

## 2. The General Failure of FDCPA claim

Count One alleges that the defendants violated the FDCPA in five different ways.

10. The least sophisticated consumer test is most typically used to evaluate the deceptiveness of language in collection letters. The Court, however, finds this test instructive in evaluating potential violations of § 1692e such as those alleged in the instant case because Plaintiffs' claim to have been deceived by DBNTC's alleged false identification of itself as the "owner" and "holder" of the notes and mortgages can be analogized to an allegedly false statement in a collection letter. *See e.g., Lewis*, 135 F.3d at 400–401.

11. Specifically, Count One states in pertinent part:

In foreclosing on plaintiffs homes, the defendants:
a. made false, deceptive and misleading representations concerning DBNTC's standing to sue the plaintiffs and its interest in the debt;

Each alleged method of violation pled relies on a common thread—that DBNTC falsely claimed to be the true owner and holder of the Plaintiffs' mortgage debts *at the time DBNTC* filed the state foreclosure actions.[11] *See also* Plaintiffs' Memo in Opp., *ECF. No. 85 at 32* ("The essence of Plaintiffs' FDCPA claim is that defendants misrepresented Deutsche Bank's ownership of Plaintiff's notes and thus concealed the fact that it lacked the capacity to bring the foreclosure actions.") Each of the defendants disputes this allegation.

To establish a *prima facie* case for a violation of the FDCPA, plaintiffs must prove four essential elements:

1. the plaintiff is a natural person who is harmed by violations of the FDCPA, or is a "consumer" within the meaning of *15 U.S.C.A. §§ 1692a(3)*, 1692(d) for purposes of a cause of action, *15 U.S.C.A. § 1692c* or *15 U.S.C.A. § 1692e(11)*[;]

2. the "debt" arises out of a transaction entered primarily for personal, fami-

b. falsely represented the status of the debt, in particular, that it was due and owing to defendant DBNTC at the time the suit was filed;
c. falsely represented or implied that the debt was owing to defendant DBNTC as an innocent purchaser for value, when in fact, such an assignment had not been accomplished;
d. threatened to take action, namely engaging in collection activities and collection and foreclosure suits as trustee that cannot legally be taken by them; and
e. obtained access to Ohio state and federal courts to collect on notes and foreclose on mortgages under false pretenses, namely, that DBNTC was duly authorized to engage in such activities as trustee in Ohio when it [sic] fact was not.
(First Amended Complaint, ECF No. 57 at ¶ 36.)

ly, or household purposes, *15 U.S.C.A. § 1692a(5)*[;]

3. the defendant collecting the debt is a "debt collector" within the meaning of *15 U.S.C.A. § 1692a(6)*; and

4. the defendant has violated, by act or omission, a provision of the FDCPA, *15 U.S.C.A § 1692a–1692o*; *15 U.S.C.A § 1692a*; *15 U.S.C.A § 1692k*.

*See e.g., Duncan v. Citibank*, 2006 WL 4063022, at *5 (D.N.M.2006); *Grimard v. Palmer, et al.*, 2007 WL 2287831, at *2 (E.D.Mich.). The absence of any one of the four essential elements is fatal to a FDCPA lawsuit.

Against this backdrop, the question before the Court becomes whether Plaintiffs have pled an actionable FDCPA claim. This Court finds that Plaintiffs have not.

Even when viewed in the light most favorable to the Plaintiffs, a review of the record and the law shows that even if DBNTC's statement of ownership of the mortgage debts made at the time the foreclosure suits were filed was false, i.e., technically incorrect, there was no deception, when viewed through the eyes of the least sophisticated consumer. The pleadings, including the judicially recognized attachments thereto, clearly show that DBNTC had been appointed trustee for the real parties in interest and *physically held* the mortgage loans prior to the filing of each foreclosure action. *See* DBNTC Request

for Judicial Notice, *ECF Nos. 76–3*; *76–4*; *76–5*; *97–3*. In the case of the Whittikers and Kimball, assignment occurred later, but (as discussed below) that does not resemble deception as much as poor housekeeping.[12] The record before this Court has firmly established that, at filing, the debts were DBNTC's. Although the federal and state trial courts have established rules of procedure directing the filing of foreclosure actions in a sequence not consistently followed by DBNTC, Sixth Circuit case law has established that filing a complaint without the immediate means of proving a claim is not an FDCPA violation.[13] *Harvey*, 453 F.3d 324 at 333 (6th Cir.2006).

The FDCPA is designed to root out trickery and deception. This action does not fall within the scope of practices the FDCPA was designed to curb, such as abusive phone calls, false and deceptive debt collection letters, and other patently unfair behaviors detailed in the statute's legislative history. *See Lewis v. ACB Bus. Serv.*, 135 F.3d 389, 398 (6th Cir.1998). Plaintiffs have not argued that they were not in default on their mortgage loans or that the amounts claimed due were in dispute. They have not made allegations that they were misdirecting payments because they did not know whom truly held their mortgage notes. Nor have Plaintiffs claimed surprise or lack of notice of the foreclosure actions.[14] At oral argument,

---

**12.** Stepanek's foreclosure action was filed after assignment of the mortgage and contemporaneous with the recording of the assignment so, when his circumstances are viewed through the lens of the least sophisticated consumer, he has not painted even a colorable case of deception.

**13.** *See* Sixth Amended General Order No 2006–16 and Cuyahoga Court of Common Pleas local rules on foreclosure, *see* http://cp.cuyahogacounty.us/internet/Id.–27–Local Rules.aspx.

**14.** At oral argument, Plaintiffs' counsel stated that Stepanek was engaged in negotiations with someone other than DBNTC regarding his foreclosure. Plaintiffs counsel did not describe what harm, if any, that conversation caused Stepanek. Discussing without deciding this issue, the *Younger* Abstention doctrine might certainly preclude a federal court from deciding Stepanek's FDCPA Claim while his state court action is still pending, a vice the *Younger* Abstention staunchly guards against.

Plaintiffs' counsel was unable to identify any prejudice or harm suffered by his clients as a result of the foreclosure under the name of DBNTC.[15]

Plaintiffs incorrectly analogize the standing requirements necessary to determine the real party in interest in real estate transactions with the deception the FDCPA is designed to combat.[16] Plaintiffs allege that DBNTC was not the true owner and holder of their mortgage loans at the time the foreclosure lawsuits were filed because the mortgage loans were not timely assigned or recorded; were not properly executed; or were not physically transferred prior to the filing of the foreclosure action. Several courts have failed to find FDCPA violations under similar circumstances. *See, e.g. Harvey, Shivone* and *Martin, infra.*

Moreover, the Sixth Circuit has ruled that a *per se* false statement does not violate the FDCPA without deception. In *Lewis v. ACB,* the Sixth Circuit found that it was not violative of the FDCPA for a debt collector to use a fake name or pseudonym on letters sent to debtors. *Lewis,* 135 F.3d at 400. The Court reasoned that "no deception occurs even if the answering representative fails to offer that he or she is not 'Althea Thomas.' " *Id.* The Court emphasized the purpose of the protections of the FDCPA when it clarified that "[t]he use of an assigned alias or office name, even when considered from the standpoint of the least sophisticated debtor, does not

misrepresent the amount of a debt, the consequences of its non-payment, nor the rights of the contacted debtor." *Id.* at 400–401. The Court acknowledged that the debt collector provided the debtor "false" information but disagreed that the false information was also deceptive. *Id.*

None of the parties have presented cases precisely on point. Of the cases cited by defendants, *Harvey,* is the most instructive. In *Harvey,* the Sixth Circuit affirmed the dismissal of an FDCPA cause of action wherein plaintiff claimed that "a lawsuit filed without the immediate means of proving the existence, amount or true owner of the debt is deceptive." *Harvey,* 453 F.3d at 333. The court reasoned that "[a] defendant in any lawsuit is entitled to request more information or details about a plaintiff's claim, either through formal pleadings challenging a complaint, or through discovery." *Id.* at 331. The Sixth Circuit also relied upon Rule 11, stating:

> Rule 11 of the Federal Rules of Civil Procedure does not require attorneys to ensure that their client can prove its case before filing. Instead the Rule mandates only that 'the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.'

*Id.* at 333 (citing Fed. R.Civ. Proc.11(B)(3)). The Sixth Circuit made it clear that "a debt may be properly pur-

---

*See Younger v. Harris,* 401 U.S. 37, 44–45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

**15.** It is worth noting that the FDCPA has been construed by some courts as a strict liability statute and, as such, requires no harm be proven. *Fed. Home Loan Mortg. Corp. v. Lamar,* 503 F.3d 504, 513 (2007) (crediting the proliferation of FDCPA lawsuits, in part, to debtors suing over a perceived wrong rather than paying a legitimate debt and cautioning, "[T]here comes a point where this Court

should not be ignorant as judges of what we know as men.") (citations omitted).

**16.** "The lack of standing may be cured by substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter." *State ex rel. Tubbs Jones v. Suster,* 84 Ohio St.3d 70, 701 N.E.2d 1002, 1008 (1998). Deception is not so easily cured.

sued in court, even if the debt collector does not yet possess adequate proof of its claim." *Id.* (distinguishing not having adequate proof at filing from an FDCPA violation under 1692e(2) that prohibits "the false representation of . . . the character, amount, or legal status of any debt").

Plaintiffs attempt to distinguish the instant case from *Harvey* arguing that, at filing, defendants claimed the mortgage debts were owed to DBNTC when they were not—*not that DBNTC would never become the owner.* Plaintiffs' Opp., *ECF No. 85 at 26.* This is a distinction without a difference given that DBNTC has presented evidence that as trustee, it held the mortgages of each of the plaintiffs at the time the foreclosure actions were filed. *See ECF Nos. 76–8, 76–9, 76–10;* ECF Nos. *92–2, 92–3, 92–4, 92–5* (agreements conveying notes and appointing DBNTC as trustee); *see also, ECF No, 97–3,* Affidavit of Christopher Corcoran, Vice President of DBNTC (confirming that notes were held at time of filing.) Another branch of this Court found that same sort of evidence to be adequate proof of ownership in a foreclosure action. *Accord Fed. Home Loan Mort. Corp. v. Lamar, infra, aff'd* 503 F.3d 504 (6th Cir.2007). Alternatively, and more in accordance with the *Harvey* ruling, the state court's foreclosure rulings on the matters completely adjudicated (*i.e.,* the Whittikers' and Kimball's) found DBNTC to be the owner/holders of the notes. *See ECF No. 69–8;* ECF No. *76–2 at 1–6.*

In *Fed. Home Loan Mort. Corp. v. Lamar,* that Court found FHLMC to be the "true owner of the [mortgage] loan" when FHLMC had purchased a mortgage loan from the original holder prior to the filing of the foreclosure action and, as such, had standing to bring a foreclosure action. *Fed. Home Loan Mort. Corp. v. Lamar,* 2006 WL 2422903, at *6 (N.D.Ohio Aug.22, 2006). Additionally, in *Shivone v. Wash. Mut. Bank,* a district court dismissed an FDCPA cause of action after finding that "[t]he Court is not convinced that filing a complaint in a mortgage foreclosure on behalf of a lender *in the process of obtaining an assignment* not fully documented constitutes a violation of the Fair Debt Collection Practices Act." *Shivone v. Wash. Mut. Bank,* 2008 WL 3154702, *1 (E.D. Pa. Aug. 2, 2008) (citations omitted) (emphasis added). In granting defendants' motion to dismiss an FDCPA claim for failing to accurately disclose the name of the present assignee, the *Shivone* decision relied heavily on the Sixth Circuit's ruling in *Harvey. Shivone's* reasoning is also applicable to the instant matter.

Whether or not conduct violates the FDCPA turns upon an objective test based on the least sophisticated consumer standard. *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 329 (6th Cir. 2006). The Court finds the analysis in the Sixth Circuit case *Harvey v. Great Seneca Financial Corporation,* to be persuasive. In *Harvey,* much like the present matter, Plaintiff alleged that because so many cases go to default judgment lawyers fail to obtain current loan histories nor do they properly document the chain of debt ownership because of the time and expenses related to such tasks. *Id.* at 327. According to the [p]laintiff in *Harvey,* such practices amounted to FDCPA violations. *The Sixth Circuit determined that such actions are not FDCPA violations as a matter of law. Id.* at 330–31. ("Any attempt to collect a default debt will be unwanted by a debtor, but employing the court system in the way alleged by Harvey cannot be said to be an abusive tactic under the FDCPA."). More importantly, the [C]ourt concluded that the inability to presently prove debt ownership did not amount to a FDCPA viola-

tion. *Id.* at 333 ("[A] debt may be properly pursued in Court, even if the debt collector does not yet possess adequate proof of its claim.") Accordingly, this Court concludes that Defendants' inability to prove ownership at the commencement of the foreclosure action is not in violation of the FDCPA.

*Shivone,* 2008 WL 3154702 at *1 (emphasis added).

### 3. The FDCPA Does Not Impose Assignment nor Recording Requirements

Failure to timely assign, record or physically transfer a mortgage loan prior to filing a foreclosure action, while not a model of best practice, without more, is not false, misleading or deceptive behavior.[17] In fact, such behavior has been effectively remedied by dismissals without prejudice, not via FDCPA suits.[18] *See* Plaintiff's Opposition, *ECF No. 85 at 1–2* (citations omitted).

The timing of the recordings are not indicative of a violation of the FDCPA. In *Martin v. Select Portfolio Serving Holding Corp.,* the district court held that plaintiffs had not presented an actionable claim under § 1692e of the FDCPA for fraud based on the alleged failure of the trustee (Wells Fargo) to timely record the mortgage assignment.[19] *Martin v. Select Portfolio Serving Holding Corp.,* 2008 WL 618788, *6 (S.D.Ohio 2008). The Court expounded that the FDCPA does not impose any requirements with respect to the recording of an assignment or lien. *Id.* Ohio's recording statute does not invalidate an assignment that has not been recorded. *Id.* (citing *Wead v. Lutz,* 161 Ohio App.3d 580, 831 N.E.2d 482, 487 (2005)). Furthermore, evidence that the assignment was not recorded prior to the filing of a foreclosure action in state court does not establish a violation of the FDCPA.

The record presented in the instant matter has not established that DBNTC or the law firms representing DBNTC falsely identified to whom the Plaintiffs' debts were owed, the amount of the debt or that the lack of more timely assignments or recordings was a deceptive or misleading representation used in connection with the collection of a debt. *See Martin,* 2008 WL 618788 at *6.

Under Ohio law, when a mortgage is assigned, the assignment is subject to the recording requirements of Ohio Rev.Code Ann. § 5301.25. (*See In re Foreclosure Cases,* 2007 WL 3232430, *2 (N.D.Ohio

---

17. Stepanek does not dispute his mortgage loan was assigned and recorded prior to or commensurate with the filing of the foreclosure action. He complains, however, that the relevant documents were not physically transferred or executed. This argument is not persuasive. Public records, however, were available to show the recording. DBNTC's position as trustee. *See* Request of Judicial Notice, *ECF No. 92–2.*

18. While not compliant with a federal court standing order, *see* Sixth Amended General Order No 2006–16, and, possibly Cuyahoga Court of Common Pleas local rules on foreclosure, *see* http://cp.cuyahogacounty.us/internet/Id.–27–LocalRules.aspx, this does not constitute an FDCPA violation.

19. The Court understands that the instant case can be distinguished from *Martin* because both the assignment as well as recordings of the Whittiker and Kimball mortgages occurred after the foreclosure actions had been filed. Stepanek's mortgage was assigned and recorded in a timely fashion, nevertheless Plaintiffs still claim a violation of the FDCPA, persuading the Court that this distinction is not decisive. Nevertheless, public records show DBNTC as trustee for the mortgage debt's owner at filing cuts against an FDCPA violation. *See e.g.* Request for Judicial Notice, ECF No. 92–2. Therefore, no compelling case of deception has been made.

Oct. 31, 2007.)[20] Ohio law, however, also holds that the recording statute is intended to govern priorities between lenders, not the validity of the liens. *See, e.g., Wead v. Lutz*, 161 Ohio App.3d 580, 586, 831 N.E.2d 482, 487 (Ohio Ct.App.2005)) (holding that the recording statute, Ohio Rev.Code Ann. § 5301.25, "does not invalidate an assignment that has not been recorded"). The Ohio appellate court in *Lutz* explains that Ohio's "recording statute is meant to protect innocent, subsequent bona fide purchasers of land who have no knowledge of any encumbrances." *Lutz*, 161 Ohio App.3d at 586, 831 N.E.2d 482. In fact, the Ohio Supreme Court ruled "[t]he lack of standing may be cured by substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicating the matter." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 701 N.E.2d 1002, 1008 (1998). This effectively occurred in both the Whittiker and Kimball state court proceedings. *See e.g. ECF No. 69–5.*

When the claims and evidence presented are viewed through the eyes of the least sophisticated consumer, the Plaintiffs fail to state an FDCPA claim. None show the deception the FDCPA prohibits. Therefore, the defense motions to dismiss should be granted, as to Count One, for all Plaintiffs. Additional reasons for dismissal are provided below.

### 4. Kimball Fails To Establish a Second Prong of the *Prima Facie* Case

The FDCPA specifically states that its purpose is "to protect *consumers* against debt collection abuses." *15 U.S.C. § 1692(e)* (emphasis added). In order to state a claim under the FDCPA, the party claiming a FDCPA violation must show that he or she is a "consumer" and that the "debt" being requested "aris[es] out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). The First Amended Complaint, like the original complaint, does not allege this threshold requirement. Despite having been given two opportunities to do so, Kimball failed to allege that her foreclosed upon mortgage was for personal family, or household use. Therefore, she fails to state an actionable FDCPA claim.[21] *See Kafele v. Frank & Wool-*

---

**20.** Plaintiffs rely greatly on Judge Boyko's ruling and encourage the Court to do the same. (*See In re Foreclosure Cases*, 2007 WL 3232430, at *2 (N.D.Ohio Oct. 31, 2007).) The instant matter is distinguishable from that ruled upon by Judge Boyko in several significant ways. Initially, the foreclosure actions in the Boyko decision were filed in federal court and, at the time of filings, none of the complaints comported with the Court's Amended General Order No. 2006–16 or federal standing requirements. This General Order requires a foreclosure plaintiff to submit an affidavit along with the complaint "documenting that the named plaintiff is the owner and holder of the note and mortgage, whether the original mortgagee or by later assignment." *See* Sixth Amended General Order No. 2006–16, pg. 2, § 1.2.5. Having found that none of the foreclosure plaintiffs met this threshold requirement at the time of the fil-

ing, Judge Boyko required each plaintiff to submit a copy of the assignments. None of the assignments showed the named foreclosure plaintiff to be the owner, rather each assignment "express[ed] [only] a present intent to convey all rights, title and interest in the Mortgage and the accompanying Note to the named Plaintiff." Judge Boyko dismissed each case without prejudice. In the instant matter, judicially recognizable public records show DBNTC as the trustee for the owner and the actual holder of each of the mortgages and accompanying notes at the time of the filings in state court. *See ECF Nos. 76–8; 76–9; 76–10.* A lack of standing can be cured procedurally unlike deception.

**21.** During oral argument counsel for Plaintiffs acknowledged that he did not know if Kimball used the foreclosed upon property for personal matters.

*dridge Co.*, 108 Fed.Appx. 307 (6th Cir. 2004) (affirming dismissal of FDCPA claim when plaintiff failed to allege mortgage debt in underlying foreclosure action was a consumer debt within the meaning of 15 U.S.C. § 1692a(5)).[22]

### 5. The Whittiker's and Kimball's FDCPA Claims are Time–Barred

Defendants WWR and MDK move, in the alternative, for dismissal of the FDCPA claim brought by the Whittikers and Kimball as time-barred because the initial complaint was filed outside of the one-year statute of limitations. These arguments are well taken.

■ Section 1692k(d), entitled "Jurisdiction," requires a FDCPA claim to be brought "within one year from the date on which the violation occurs." According to the plain language of § 1692k(d), the statute of limitations begins to run at the moment the violation occurs, without regard to when the plaintiff gained knowledge of the cause of action. *See In re Rice–Etherly*, 336 B.R. 308, 313 (Bankr. E.D.Mich.2006) ("The statute of limitations [in the FDCPA] is a jurisdictional limitation placed on federal courts by Congress which courts are not at liberty to disregard."); *Shivone v. Washington Mutual Bank*, 2008 WL 3154702, *2, (Aug. 5, 2008 E.D.Pa.); *Mattson v. U.S. West Comm., Inc.*, 967 F.2d 259, 261 (8th Cir.1992) (holding that the statute starts to run on the date of the mailing).

Neither the Supreme Court nor the Sixth Circuit have ruled on whether the FDCPA is jurisdictional and thus not subject to equitable tolling. The Eighth Circuit in *Mattson* reasoned, however, that

the legislative objective of the FDCPA "was to protect consumers . . . by regulating the conduct of debt collectors." *Mattson*, 967 F.2d at 261. That Court further determined that "[o]nce [the debt collector] placed the letters in the mail, its conduct with respect to any violation of the FDCPA was complete" and the "last opportunity to comply with the FDCPA [passed]." *Id.* Assuming *arguendo*, that equitable tolling may be appropriate in certain FDCPA cases, the threshold requirements of fraud or concealment must exist. *TRW Inc. v. Andrews*, 534 U.S. 19, 27, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) ("equity tolls the statute of limitations in cases of fraud or concealment"). *See also Somin v. Total Com. Mgmt. Corp.*, 494 F.Supp.2d 153 (E.D.N.Y.2007) ("equitable tolling applies only where defendant has engaged in conduct to conceal wrongdoing"). Equitable tolling is not a vehicle for protecting a claimant who has "failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000) ("[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling") (citations omitted).

It is undisputed that the Whittikers and Kimball filed the instant FDCPA cause of action well beyond the one-year statute of

---

**22.** The FDCPA defines "debt" as "Any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *15 U.S.C. § 1692a(5)*.

limitations.[23] Stepanek's FDCPA claim was filed within the one-year statute of limitations but, nevertheless fails to state a claim under the FDCPA, because (of all the plaintiffs) Stepanek fails to allege the harm the FDCPA was designed to prohibit. The Whittikers and Kimball claim that equitable tolling preserves their claims due to misrepresentation and concealment on the part of defendants. *See* Plaintiffs' Memorandum in Opp., *ECF No. 85 at 40–42.* This Court is not persuaded.

### a. The Whittikers Pled the FDCPA as a Defense in their State Court Answer

Plaintiffs steadfastly maintain that the harm caused was "triggered by Defendants own conduct in 'falsely represent[ing] the status of the debt, in particular, that it was due and owing to DBNTC *at the time the suit was filed.*'" Plaintiffs' Sur–Reply, *ECF No. 94–2 at 3* (emphasis added). Therefore, even if equitable tolling were appropriate, it would not salvage the Whittiker's cause of action given that they were aware of their FDCPA claim over a year before filing the instant action, as demonstrated by their pleading of a specific defense based on the FDCPA in their state-court answer to the foreclosure action.[24] *See* Certified Copy of Answer filed in state court, attached as Exhibit B to WWR's Answer, *ECF No. 69–3.* Because the state court answer was filed over

one year before the instant matter, the Whittikers cannot show that they acted diligently, yet failed to discover facts giving rise to their FDCPA claim.[25] In sum, the record establishes that the Whittikers knew of the alleged FDCPA violation well within the statute of limitations period. Therefore, there is no basis for equitable tolling.

### b. Kimball Violated the Statute of Limitations

Kimball's foreclosure suit ended with a default judgment in favor of DBNTC. Plaintiffs offer no persuasive extenuating circumstances to justify tolling the statute of limitations for an additional two years after the filing date of the state court action against Kimball and the Court found none in its review of the record. Therefore, Kimball's FDCPA claim is also time-barred. *See Graham–Humphreys,* 209 F.3d at 561 (statute of limitations are to be observed "[i]rrespective of whether the plaintiff had the benefit of legal counsel.")

### 6. Jurisdiction over Remaining State Law Claims

Given that each of the plaintiffs have failed to state a claim under the FDCPA, which is the only federal claim, the Court may decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.[26] *See Musson Theatrical, Inc. v.*

---

23. The state foreclosure action against the Whittikers was filed on December 1, 2006 and that against Kimball was filed May 25, 2005.

24. The Whittikers claim not to have known that their attorney in the state foreclosure action alleged a violation of the FDCPA as its Eighth Defense in answer to the foreclosure claim. *See ECF No. 69–3, Exhibit B* to WWR Answer to First Amended Complaint. § 11. Even if taken as true, the Whittikers appears to have litigated the FDCPA violation that in state court.

25. Plaintiffs' Sur–Reply acknowledges the Whittiker's state-court FDCPA claim but begs the Court's pardon because of possible malfeasance on the part of the Whittikers' then attorney, John S. Brooking. *The Court is sympathetic but not persuaded that equitable tolling is justified given that FDCPA was pled as a defense and the matter of DBNTC's standing as a real party in interest was litigated and ruled upon in favor of DBNTC by Judge Russo.*

26. This Court declines to decide Defendants' alternative arguments for dismissal of the Plaintiffs' sole federal claim. As stated above,

*Fed. Express Corp.,* 89 F.3d 1244, 1254–55 (6th Cir.1996) ("After a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims.")

This Report recommends that the Court decline jurisdiction over the remaining claims in the First Amended Complaint. *See also Brandenburg v. Hous. Auth. of Irvine,* 253 F.3d 891, 900 (6th Cir.2001) ("In fact, the usual course is for the district court to dismiss the state-law claims without prejudice if all federal claims are disposed of on summary judgment."); *See also United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("If the federal claims are dismissed before trial ... the state claims should be dismissed as well.")

### IV. Conclusion

For the foregoing reasons, the Court recommends (1) granting each of the defendants' motions to dismiss as to Count One, Plaintiffs' federal claim under the Fair Debt Collection Practices Act, *15 U.S.C. §§ 1692e (ECF No. 75; ECF No. 70; ECF No. 72; ECF No. 74 );* (2) dismissing without prejudice Plaintiffs' remaining state law claims (Counts Two and Three); and (3) granting DBNTC's Request for Judicial Notice. *(ECF Nos. 76 and 92–2.)*

Date: January 22, 2009

---

Defendants also argue that Plaintiffs' FDCPA claim should be dismissed for several reasons, including *res judicata,* collateral estoppel, statute of limitations and the *Rooker–Feldman* and *Younger* doctrines. DBNTC (as stated above) also argues that it is not a "debt collector" as defined by the FDCPA and, therefore, Count One must fail.